LLULL, RECURRENTE, *v.* EL REGISTRADOR DE LA PROPIEDAD, RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Aguadilla denegando la inscripción de una escritura de hipoteca voluntaria.

No. 179.—Resuelto en mayo 9, 1914.

MANDATO—HIPOTECA OTORGADA POR MANDATARIO PARA GARANTIZAR UNA DEUDA—AMBIGÜEDAD DE LA CLÁUSULA RELATIVA AL RECIBO DEL DINERO.—Cuando, como en el caso de autos, un mandatario otorga una escritura de hipoteca para garantizar una deuda resultando de la cláusula pertinente de la escritura de hipoteca la ambigüedad de si la deuda fué contraída por el mandante o por el mandatario, sin que éste tuviera poder expreso para tomar dinero a préstamo a nombre de su mandante, ni para confesar deudas, procede denegar la inscripción de la escritura por el defecto de ambigüedad.

Los hechos están expresados en la opinión.
Abogado del recurrente: *Sr. José de Diego.*

El Registrador Sr. Rafael Tirado Verrier compareció por escrito en nombre propio.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

La cuestión envuelta en este recurso es si el mandatario estaba autorizado para otorgar la escritura cuya inscripción fué denegada por el Registrador de la Propiedad de Aguadilla.

Como a la escritura se le dió el nombre de hipoteca voluntaria y como uno de los fundamentos de la denegatoria de inscripción es que el mandatario no estaba autorizado para tomar dinero a préstamo, creímos que el recurso entrañaba la misma cuestión que se resolvió en el recurso gubernativo de *Villar* v. *El Registrador de la Propiedad,* 17 D. P. R., 434, en el cual dos de los jueces de este tribunal disintieron, pero un examen detenido del expediente en el presente recurso nos lleva a la conclusión de que ambos son distintos.

La nota recurrida del registrador en su parte pertinente, dice así:

"Denegada la inscripción de la hipoteca de que trata el precedente documento, porque por la ambigüedad de la cláusula cuarta del contrato que lo motivó, y la que es esencial, no puede determinarse, fuera de toda duda, si el recibo de la suma objeto de la hipoteca, se hizo por Doña Balbina del Carmen Rodríguez y Díaz, o por su apoderado Don Juan Pedro Mata y Rodríguez en cuyo caso la hipoteca garantiza un préstamo hecho a éste para la poderdante, y por carecer el poder que al Señor Mata y Rodríguez otorgara la Señora Rodríguez y Díaz dé facultad para tomar dinero a préstamo; tomándose anotación preventiva que ordena la ley por el término legal a favor de Don Alejo Llull y Nebot, a, folio 139, del tomo 10ª. de Aguada, finca número 321. Cuadruplicado, inspección 11ª. practicada con vista del poder de referencia, que es de fecha diesiseis de diciembre de mil novecientos siete ante el notario de esta ciudad Don Arturo Reichard del Valle."

La cláusula cuarta de la escritura objeto de discusión en este recurso, dice así:

"Don Juan Pedro Mata y Rodríguez en su carácter de apoderado de su señora madre Doña Balbina del Carmen Rodríguez, confiesa que dicha mandante se halla adeudando a Don Alejo Llull y Nebot,

la suma de mil dollars, la cual recibió desde antes de este acto, para varias atenciones, y que se compromete devolver el día veinte y seis de diciembre del año mil novecientes catorce, sin premio ni interés alguno.''

Abora bien, aun cuando el Registrador en parte deniega la inscripción solicitada por el motivo de que el apoderado no estaba autorizado para tomar dinero a préstamo, sin embargo, el verdadero fundamento de la negativa de inscripción es la ambigüedad de la cláusula cuarta del contrato. Tal vez si el único fundamento de la denegatoria de inscripción hubiera sido la falta de facultades en el mandatario para tomar dinero a préstamo la cuestión a resolver hubiera sido semejante a la que decidimos en el recurso gubernativo de *Villar* v. *El Registrador,* 17 D. P. R., 434, pero en este caso la duda estriba en si el dinero fué recibido por el mandante o por su mandatario.

El poder otorgado al mandatario en este recurso no confiere en términos expresos facultad al mandatario para tomar dinero a préstamo y tenemos que recurrir al mismo poder para examinar si contiene facultades para reconocer deudas contraídas por el mandante.

El párrafo pertinente de la escritura de poder es el siguiente:

''Que confiere poder generalísimo a su hijo Don Juan Pedro Mata y Rodríguez, casado, mayor de edad, y vecino de Aguada para que en su nombre y representación administre los bienes que posee y pueda adquirir en lo sucesivo, recaude sus rentas y productos, haga contratos de arrendamiento en relación a ellos, efectúe cobros, pudiendo entablar y defender ante los tribunales cualquier pleito que crea procedente y haga y practique las gestiones de un celoso y entendido administrador. Para que pueda otorgar en su representación escrituras de venta, compra e hipoteca, pague deudas y contribuciones, transija créditos y pleitos en su representación y ejecute toda clase de actos que se relacionen con sus bienes en la misma forma y con todos los poderes y autoridades con que pudiese llevarlos a cabo la poderdante Señora Rodríguez, debiendo tener todos los actos que ejecute el apoderado Señor Juan Pedro Mata, la misma fuerza y validez que si hubiesen sido ejecutados por la señora Rodríguez.''

Como puede verse, dicho párrafo no confiere autorización expresa al mandatario para reconocer deudas y como la cláusula cuarta de la escritura de hipoteca voluntaria puede por su ambigüedad aplicarse a una deuda contraída por la mandante Doña Balbina del Carmen Rodríguez y Díaz, es consecuencia que debe confirmarse la nota del Registrador por el fundamento de adolecer de ambigüedad la cláusula cuarta de dicha escritura de hipoteca voluntaria.

Aun en el supuesto de que los términos en que está redactada dicha cláusula cuarta tengan únicamente aplicación a un préstamo contraído por el mandatario, como así sostiene el recurrente, debe prevalecer la doctrina sentada en el recurso gubernativo de *Villar* v. *El Registrador,* 17 D. P. R., 434, al efecto de que a menos que expresamente se faculte, el poder para hipotecar no implica facultad para tomar dinero a préstamo, pero de cualquier modo siendo ambigua la cláusula cuarta ya mencionada, la nota del registrador debe confirmarse.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.